20-203-cv
Westry v. Leon

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand twenty-one.

PRESENT:
> AMALYA L. KEARSE,
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

Eric Westry,

> *Plaintiff-Appellant*,

v.                                                                                            No. 20-203

Victor Leon,

> *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:               Eric Westry, pro se, Waterbury, CT.

FOR DEFENDANT-APPELLEE:               JOSEPH A. MENGACCI (Daniel Joseph Foster, *on the brief*), Office of the Corporation Counsel, City of Waterbury, Waterbury, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Eric Westry, who was represented by counsel in the district court, brought this § 1983 action against Waterbury, Connecticut police officer Victor Leon alleging that Leon violated his Fourth Amendment rights when Leon tased Westry during a confrontation in Westry's home. The district court granted Leon's motion for summary judgment, holding that Leon was entitled to qualified immunity. The district court held that the undisputed facts established that Westry was non-compliant and threatening during the arrest, and that under those circumstances, it was objectively reasonable for Leon to believe that his use of a taser on Westry was lawful. Westry, now proceeding pro se, appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and refer to them only as needed to explain our decision to affirm.

We review orders granting summary judgment de novo. *See Myers v. Patterson*, 819 F.3d 625, 632 (2d Cir. 2016). On such review, we construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.* "When a defendant official seeks summary judgment on the ground that he is entitled to qualified immunity, the motion should be granted if either the evidence, viewed in the light most favorable to the plaintiff, is insufficient to establish the violation of a statutory or constitutional right, or if that right was not clearly established at the time of the alleged violation." *Soto v. Gaudett*, 862 F.3d 148, 156 (2d Cir. 2017).

2

The district court concluded that, at the time of Westry's encounter with Leon, it did not violate a threatening or non-compliant arrestee's clearly established rights for a law enforcement officer to use a taser to subdue that individual in circumstances such as those Westry alleged. The district court then granted summary judgment to Leon after determining that the undisputed facts established that Westry was threatening and non-compliant during his encounter with officers in his home.

On appeal, Westry does not challenge the district court's legal determination about what constituted a violation of an arrestee's clearly established rights at the time of the encounter. He instead contests the district court's determination that the undisputed facts established that Westry was threatening and non-compliant during the encounter. Westry primarily contends that, because he told officers that he would hand his young daughter over to them, he could not have been threatening and non-compliant.

Westry does not dispute, however, that when officers arrived at his home in response to an emergency call, his wife reported that Westry had assaulted her and that Westry had locked himself in a bedroom with their one-year-old daughter. Westry also does not dispute that he refused to comply with the officers' instructions to open the bedroom door, or that, when they asked him to get off the bed, Westry responded—as he admitted in his deposition and as was recorded on the cellphone he had activated—that the officers would "have to kill" him. Appellant's Br. 10. Finally, Westry concedes that he resisted officers' attempts to "pry [his] arms open" while they asked him to release his daughter. *Id.* at 17. Even viewing these unchallenged facts in the light most favorable to Westry, we agree with the district court that it is fair to characterize Westry as having acted in a threatening and non-compliant manner before Leon deployed a taser on him to

3

effect his arrest. The officers thus did not violate any clearly established right, and they are entitled to summary judgment on the basis of qualified immunity.

We have considered Westry's remaining arguments on appeal and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court